[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises from a domino-effect, three-car automobile accident involving vehicles at a traffic signal. The following facts leading up to the accident are undisputed:[1] In the early afternoon of January 28, 1993, the plaintiff Marilyn Rivera was driving the plaintiffs Marta Acevedo and Carmina Marin home from the plaintiffs' common workplace. On the way home, Rivera brought her motor vehicle to a full stop at a red traffic signal at the intersection of Warren Street and North Frontage Road in Bridgeport, Connecticut. While the plaintiffs were waiting for the traffic signal to change in their favor, the defendant Edward Flynn arrived at the traffic signal and also brought his motor vehicle to a complete stop immediately behind Rivera's motor vehicle. Not long after Flynn brought his motor vehicle to a complete stop, a motor vehicle operated by the defendant Donald Rubenstein[2] collided into the rear-end of Flynn's motor vehicle. These facts are undisputed. CT Page 4522
The plaintiffs further claim, which Flynn denies, that Flynn's motor vehicle then collided into the motor vehicle occupied by the plaintiffs. Based upon the undisputed facts, and the claim that Flynn's motor vehicle collided with Rivera's motor vehicle and caused the plaintiffs physical injuries, the plaintiffs brought the present negligence action against the defendants. In their complaint, the plaintiffs allege that the defendant Flynn was negligent because he: operated his motor vehicle at an unreasonable rate of speed, in violation of § 14-219; failed to bring his motor vehicle to a stop, in violation of § 14-299; operated his motor vehicle even though it was not equipped with brakes adequate to bring the motor vehicle to a stop, in violation of § 14-80; followed too closely to the plaintiffs' motor vehicle, in violation of § 14-240; failed to keep his motor vehicle under reasonable control; failed to keep a reasonable lookout for other motor vehicles; failed to apply his brakes in time to avoid the collision; and, failed to turn his motor vehicle to the right or left to avoid the accident.
Flynn now moves for summary judgment claiming therein that Rivera's and Acevedo's deposition testimony, along with Flynn's affidavit submitted in support of the present motion, reveals that Flynn did not operate his motor vehicle negligently. Therefore, Flynn argues that there remains no genuine issue of material fact that he did not act negligently, and thus, summary judgment is proper.
The court agrees with Flynn that summary judgment should be granted as to the counts against defendant Flynn. The plaintiffs and Flynn agree that Flynn's motor vehicle came to a complete stop behind Rivera's motor vehicle. Moreover, Flynn stated in his affidavit that "I had my foot on the brake waiting for the light to turn, when I was rear-ended by a vehicle being operated by Donald Rubenstein." Thus, the evidence fails to support the plaintiffs' claims of negligence against Flynn. Cf. Tolmazin v. Kautter, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 396863 (Oct. 29, 1993, Sheldon, J.) (where the court reviewed similar claims of negligence under facts nearly identical to the facts of this case). The court notes, and it is significant to the decision reached herein, that the plaintiffs have failed to present any evidence that Flynn engaged in any conduct that could be deemed negligent under the law. Id. Instead, the plaintiffs merely assert that there exists a genuine issue of material fact and the plaintiffs have a constitutional right to have the issue determined by a jury. Assertions, however, CT Page 4523 are insufficient to raise a genuine issue of material fact: More is required of the plaintiffs. Indeed, the Connecticut Supreme Court has stated that "a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). The plaintiffs have failed to present any evidence to this court in opposition to Flynn's motion for summary judgment that demonstrates that the defendant Flynn engaged or failed to engage in any conduct that could be deemed a breach of the standard of care required of a motor vehicle operator. SeeTolmazin v. Kautter, supra. Therefore, the court grants Flynn's motion for summary judgment.
SO ORDERED:
JOHN W. MORAN, JUDGE